c

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| NICHOLAS TANNEHILL, SR., Plaintiff | CIVIL ACTION NO. 1:18-CV-00242 |
| VERSUS | JUDGE DRELL |
| CASSANDRA TANNEHILL, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss, filed by Defendants Gregory G. Elias, Esq. ("Elias") (Doc. 4), Cassandra Tannehill ("Mrs. Tannehill") (Doc. 7), and Defendants Judges B. Scott Leehy ("Leehy"), Frederic C. Amman, III ("Amman"), Carl V. Sharp ("Sharp"), Robert C. Johnson ("Johnson"), and Hearing Officer Lisa T. Sullivan ("Sullivan") (collectively "the judges") (Doc. 12), respectively. Elias and Mrs. Tannehill also filed Motions for Attorney Fees under 42 U.S.C. § 1988(b). (Docs. 4, 7). Pro se Plaintiff Nicholas Tannehill ("Tannehill") responded in opposition to Elias' motions and Mrs. Tannehill's motions. (Docs. 17, 18). Tannehill did not file an opposition to the judges's motions.

Because the Court lacks subject matter jurisdiction over Tannehill's official capacity claims against the judges, and because Tannehill fails to state a plausible claim for relief against the judges in their individual capacities, the judges' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss (Doc. 12) should be GRANTED. Because Tannehill fails to state a plausible claim for relief under § 1983, and because the

Younger abstention doctrine is appropriate in this case, Elias's and Mrs. Tannehill's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss (Docs. 4, 7) should be GRANTED. The Court in its discretion should DENY Elias's and Mrs. Tannehill's Motions for Attorney Fees (Docs. 4, 7).

## I.    Background

Tannehill, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1).   Tannehill names as Defendants Mrs. Tannehill and the judges (collectively "Defendants").  (Doc. 1).[1]  The judges are all judicial officers of the Fourth Judicial District Court, Ouachita Parish, Louisiana.  (Doc. 1). Tannehill also names Defendants "John and Jane Does 1-100." (Doc. 1).  Tannehill asserts personal and subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367, for violations of his Fourteenth Amendment rights in connection with child custody and support proceedings. (Doc. 1).

Tannehill alleges he married Mrs. Tannehill in October 2001.  He and Mrs. Tannehill had two children born of their marriage. (Doc. 1).  Mrs. Tannehill filed for divorce on or about October 16, 2012.  (Doc. 1).  Mrs. Tannehill filed for full custody in April of 2013.  (Doc. 1).  Tannehill filed a motion to modify custody and child support in June of 2014, which was never ruled on, well into 2016, when his attorney withdrew.  (Doc. 1).  Tannehill further claims he was arrested in 2016 by Leehy for delinquent child support, despite the pending motion to modify child support.  (Doc. 1).  Tannehill argues this violated his right to due process. (Doc. 1).

---

[1] Since Tannehill did not specify whether he is suing Defendants in their individual and official capacities, the Court presumes that he is suing them in both capacities.

Tannehill claims Defendants callously and maliciously acted with intent to prevent him from being an active parent with his minor children. (Doc. 1). Tannehill further claims Mrs. Tannehill is conspiring with the aid of her attorney, Elias, to violate his parental rights. (Doc. 1). Tannehill further alleges Sullivan, Sharp, Johnson, Leehy, and Amman ignored the laws and interfered with his ability and privilege to have "unfettered parenting time with his children." (Doc. 1).

Tannehill claims he suffered physically and mentally because of Defendants actions. (Doc. 1). Tannehill asserts a violation of his constitutional rights, misrepresentation, and intentional infliction of emotional distress. (Doc. 1). Tannehill claims Mrs. Tannehill acted intentionally and recklessly, and in an extreme and outrageous manner, causing severe emotional distress. (Doc. 1). Tannehill claims Defendants' reckless and malicious behavior robbed him of time with his children, adversely affecting his emotional and physical well-being for the rest of his life. (Doc. 1).

Tannehill also claims Elias breached the attorney ethics standards and Rules of Professional Conduct by encouraging Mrs. Tannehill to make false statements, file frivolous pleadings, and interfere with his "parenting time," contributing to violation of his Fourteenth Amendment rights. (Doc. 1). Tannehill further claims Elias willfully and purposefully withheld evidence showing Mrs. Tannehill had a history of deceit and nefarious behaviors creating a bias in violation of his Fourteenth Amendment rights. (Doc. 1).

Tannehill claims Mrs. Tannehill has repeatedly denied him time and access to his children, and is guilty of interference with custody and visitation. (Doc. 1). Tannehill asserts Elias encouraged the actions that caused a violation of his parental rights. (Doc. 1). Tannehill alleges Sullivan, Sharp, Johnson, Leehy, and Amman, refused to abide by, and enforce, the law, and empowered Mrs. Tannehill to prevent him from parenting, in violation of his Fourteenth Amendment rights. (Doc. 1). Tannehill further alleges custodial interference under La. R.S. 14:45.1. (Doc. 1).

Tannehill alleges Mrs. Tannehill provided false testimony to government and judicial agencies that was defamatory and damaging to his reputation. (Doc. 1). Tannehill claims Elias encouraged Mrs. Tannehill's "evil objective to prevent [him] from being a parent to [his] children." (Doc. 1). Tannehill alleges a claim of negligent misrepresentation against Elias and Mrs. Tannehill. (Doc. 1). Tannehill further alleges intentional infliction of severe emotional distress. (Doc. 1). Tannehill seeks a declaratory judgment,[2] statutory damages, punitive damages, and compensatory damages. (Doc. 1).

Defendants responded with Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss (Docs. 4, 7. 12), and Motions for Attorney Fees under 42 U.S.C. § 1988(b) (Docs. 4, 7). Elias attaches his declaration in support of his motions. (Doc. 4-2).[3] Defendants

---

[2] Tannehill provides no explanation for the declaratory judgment he seeks. (Doc. 1).

[3] When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id.; Norris v. Hearst Trust, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) (citation omitted). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-499 (5th Cir. 2000).

assert this Court lacks subject matter jurisdiction under Rule 12(b)(1) for the following reasons: (1) domestic relations exception; (2) <u>Rooker-Feldman</u> doctrine;[4] (3) absolute immunity of judges; (4) lack of federal question jurisdiction; and (5) lack of diversity jurisdiction and supplemental jurisdiction. (Docs. 4, 7, 12). Defendants assert the Court should abstain from assuming jurisdiction under <u>Younger v. Harris</u>, 401 U.S. 37 (1971). (Doc. 1). Elias and Mrs. Tannehill assert, in the alternative, that Tannehill fails to state a claim upon which relief can be granted under Rule 12(b)(6). (Docs. 4, 7, 12). Defendants move for recovery of attorney fees under 42 U.S.C. § 1988(b). (Docs. 4, 7, 12).

Tannehill opposed both Elias's and Mrs. Tannehill's motions dismiss. (Docs. 17, 18). Tannehill asserts he sufficiently states a claim under Fed. R. Civ. P. 8(a). (Docs. 17, 18). Tannehill asserts that the <u>Rooker-Feldman</u> doctrine and the abstention doctrine are not applicable, as his claim asserts damages for a violation of his Fourteenth Amendment rights. (Docs. 17, 18). For that same reason, Tannehill claims this Court has subject matter jurisdiction. (Docs. 17, 18). Tannehill claims Elias does not have absolute immunity and that the judges do not have judicial immunity. (Docs. 17, 18). Tannehill further asserts that no attorney fees should be awarded under the "American Rule." (Docs. 17, 18).

---

[4] <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

II.    **Law and Analysis**

    A.    **Standards governing the 12(b)(1) Motion to Dismiss.**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs), 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." Id. A district court may dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Willoughby v. U.S. Dept. of Army, 730 F.3d 476, 479 (5th Cir. 2013). Generally, "when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming, 281 F.3d at 161.

The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss under Rule 12(b)(6). Harrison v. Safeco Ins. Co. of America, 2007 WL 1244268, at *3 (E.D. La. 2007).

B.    <u>Standards governing the 12(b)(6) Motion to Dismiss.</u>

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Plausibility does not equate to possibility or probability; it lies somewhere in between. <u>Id.</u> Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. <u>See</u> <u>Twombly</u>, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. <u>Yumilicious Francise, L.L.C. v. Barrie</u>, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. <u>Iqbal</u>, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. <u>Id.</u> Similarly, where the well-pleaded facts do not

permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief.  Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense.  Id.  In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  Id.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).  However, that general rule does not apply if an amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.App'x. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.App'x. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010).

### C.    Subject Matter Jurisdiction

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir. 1998). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996)).

Federal district courts have limited jurisdiction and, unless provided by statute, only have jurisdiction over: (1) civil actions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Subject matter jurisdiction is nonwaivable. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

Tannehill, the party seeking to invoke jurisdiction, bears the burden of demonstrating its existence. See Ramming, 281 F.3d at 161.  Tannehill asserts subject matter jurisdiction exists under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship).   (Doc. 1).   Tannehill also asserts this Court has supplemental jurisdiction under 28 U.S.C. § 1367.  (Doc. 1).

### 1.    This Court lacks diversity jurisdiction.

Federal courts have no jurisdiction, even under the diversity statute, over an action in divorce, alimony, or child custody. See Ankenbrandt v. Richards, 504 U.S.

9

689, 701-702 (1992) (citing In re Burrus, 136 U.S. 586, 594-96 (1890); Barber v. Barber, 62 U.S. 582, 584 (1858)). This is known as the "domestic relations exception" to federal jurisdiction. See Ankenbrandt, 504 U.S. at 693-95. The domestic relations exception covers only a narrow range of domestic relations issues. See Ankenbrandt, 504 U.S. at 701; see also Marshall v. Marshall, 547 U.S. 293, 308 (2006).

The Supreme Court has held the domestic relations exception does not apply in a suit in which a former spouse sues another on behalf of children alleged to have been abused. If the allegations in such a complaint do not request the district court to issue a divorce, alimony, or child custody decree, the suit is appropriate for the exercise of § 1332 jurisdiction when there is diverse citizenship between the parties and the pleading of the relevant amount in controversy. Ankenbrandt, 504 U.S. at 706–07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968) (internal citation and quotation omitted)). "[W]hen jurisdiction depends on citizenship, citizenship must be *distinctly and affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988) (internal

quotation omitted) (See also Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008) (per curiam).

Here, Tannehill asserts he is a resident of the Town of Jena, State of Louisiana. (Doc. 1). Mrs. Tannehill is a resident of the City of Monroe, State of Louisiana. (Doc. 1). Elias and the judges are also residents of the State of Louisiana. (Doc. 1). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). In this case, there is no diversity of citizenship among the parties. Both Tannehill and Defendants reside in Louisiana and therefore are Louisiana citizens. Thus, this Court lacks jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).[5]

## 2. Federal question jurisdiction may be inferred from Tannehill's Complaint.

Since there is no diversity jurisdiction under § 1332, this Court may only exercise jurisdiction if it has federal question jurisdiction. As a "district court" within the meaning of 28 U.S.C. §§ 1331 and 1343, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," as well as "original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute,

---

[5] "The domestic relations exception obtains from the diversity jurisdiction statute, 28 U.S.C. § 1332, . . . and therefore it has no application where . . . there exists an independent basis for federal jurisdiction." United States v. Bailey, 115 F.3d 1222, 1231 (5th Cir. 1997) (citation omitted). Here, the Court has found no diversity jurisdiction. Thus, there is no need to evaluate whether the application of the domestic relations exception deprives the Court of diversity jurisdiction.

ordinance, regulation, custom or usage, or any right, privilege or immunity secured by the Constitution of the United States . . ." 28 U.S.C. §§ 1331 & 1343(a)(3).

Tannehill asserted a claim under 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment constitutional rights.  (Doc. 1).  Tannehill also asserts state law claims for misrepresentation and intentional infliction of emotional distress. (Doc. 1).  Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over Tannehill's state law claims only if it also has federal question jurisdiction over some claim.  However, "[w]hen a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court."  Dilworth v. Dallas County Community College Dist., 81 F.3d 616, 617 (5th Cir. 1996).

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

## D.    **The judges are entitled to both absolute immunity and Eleventh Amendment immunity.**

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions where the acts are judicial in nature and are not taken in the absence of subject matter jurisdiction. Mireles v. Waco, 502 U.S. 9 (1991); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Ballard v. Wall, 413 F.3d 510 (5th Cir. 2005); Bradford v. Peterson, 188 Fed.Appx. 313 (5th Cir. 2006).  A judicial act does not become less judicial by virtue of an

allegation of malice, corruption, or conspiracy.  See Stump v. Sparkman, 435 U.S. 349, 359 (1978); Sparks v. Duval Ranch Co., 604 F.2d 976 (5th Cir. 1979).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  Stump, 435 U.S. at 359.  To overcome judicial immunity, a plaintiff must instead show that the actions complained of were "nonjudicial actions, i.e. actions not taken in the judge's official capacity" or that the actions, though judicial in nature, were "taken in the absence of all jurisdiction."  Ballard, 413 F.3d at 515 (quoting Mireles, 502 U.S. at 12).

Moreover, "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." Union Pac. R.R. v. La. Pub. Serv. Comm'n, 662 F.3d 336, 340 (5th Cir. 2011).  Under the Eleventh Amendment, states have immunity from suits brought in federal court by their citizens and by citizens of neighboring states. Edelman v. Jordan, 94 S.Ct. 1347, 1355-56 (1974).  This immunity may be waived by the state or abrogated by Congress. Meyers ex. rel. Benzing v. Texas, 410 F.3d 236, 241 (5th Cir. 2005).  Congress has not abrogated the sovereign immunity of the states for claims brought under § 1983. Jones v. Louisiana, 2013 WL 5125279, *2 (M.D. La. Sep. 12, 2013) (citing Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 186 (5th Cir. 1986)).  "As state court judges are agents or officers of the State of Louisiana, claims against them in their official capacity are barred by the Eleventh Amendment." Moore v. Fourth Dist. Court Morehouse Par., 2012 WL 1391652, at *6 (W.D. La. Mar. 9, 2012), report and

recommendation adopted, 2012 WL 1391638 (W.D. La. Apr. 20, 2012), aff'd sub nom. Moore v. Yeldell, 537 Fed.Appx. 412 (5th Cir. 2013).

Here, Tannehill, in his opposition,[6] asserts the judges' actions "are outside the scope of a judgeship," for the assertion that they are not entitled to immunity. (Docs. 17, 18). Tannehill alleges, in conclusory fashion, that the judges have ignored the law, presumably in their decisions and orders relating to custody and child support. He fails to allege any facts to support the conclusory allegations that the judges acted "outside the scope" of their jurisdiction. Rather, Tannehill's allegations against the judges concern their judicial actions in child custody matters before the Fourth Judicial District Court, Ouachita Parish, Louisiana. (Doc. 1). Tannehill's claims against the judges arise out of the performance of their judicial duties. (Doc. 1).

Thus, to the extent Tannehill asserts claims against the judges in their official capacities, such claims are barred by the Eleventh Amendment. Moore, 2012 WL 1391652, at *6. This Court lacks subject matter jurisdiction, and the official capacity claims against the judges must be dismissed without prejudice. [7]

Additionally, to the extent Tannehill alleges claims against the judges in their individual capacities, Tannehill has failed to allege any facts sufficient to state a plausible claim for relief, and the judges enjoy absolute judicial immunity in this action. Tannehill's claims against the judges in their individual capacity should be

---

[6] Tannehill did not oppose the judges' motions to dismiss, but did address the judicial immunity arguments in his opposition to Elias's and Mrs. Tannehill's motions to dismiss.
[7] Sullivan, as a hearing officer, is also entitled to both absolute immunity and Eleventh Amendment immunity. See August v. Brinkhaus, 2018 WL 27603353, at *2 (W.D. La. May 8, 2018), report and recommendation adopted, 6:18-CV-00139, 2018 WL 2746007 (W.D. La. June 7, 2018).

dismissed under Rule 12(b)(6).  See Harry v. Lauderdale Cty., 212 Fed.Appx. 344, 346-47 (5th Cir. 2007) (affirming dismissal of the plaintiff's claims against state court judge brought under state law and 42 U.S.C. §§ 1983, 1985, 1986, and 1988 because judicial immunity barred liability); see also Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir.1995) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)).

### E.   Tannehill fails to state a plausible claim for relief against Elias and Mrs. Tannehill under § 1983.

Under 42 U.S.C. § 1983, "[e]very person who, under color of [State law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law."  Burks v. Price, 654 Fed.Appx. 670, 671 (5th Cir. 2016).

Tannehill's § 1983 action alleges Defendants violated his constitutional rights under the Fourteenth Amendment.  (Doc. 1).  Thus, a federal question may be inferred from the face of the Complaint.  However, Tannehill has not stated a claim pursuant to § 1983 because Elias and Mrs. Tannehill are private persons, not state actors.  A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.  Lugar v. Edmondson Oil Co.,

Inc., 475 U.S. 922, 937 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983. Shelley v. Kraemer, 334 U.S. 1, 13 (1948).

Here, there are no allegations that Elias or Mrs. Tannehill were state actors, or that either conspired with a state actor. Rather, Tannehill makes conclusory allegations that Elias and Mrs. Tannehill conspired with each other to interfere with his custodial rights. (Doc. 1). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Iqbal, 556 U.S. at 679. In reading the Complaint as liberally as possible, the Court discerns no factual basis for the conclusory allegations under § 1983 against Elias and Mrs. Tannehill. Tannehill has not set forth any specific set of facts against Elias or Mrs. Tannehill that would support a cause of action under federal law. Elias's and Mrs. Tannehill's Rule 12(b)(6) Motions to Dismiss (Docs. 4, 7) should be granted, and Tannehill's claims against them should be dismissed without prejudice.[8]

### 1.    The Rooker-Feldman Doctrine is inapplicable.

Elias and Mrs. Tannehill assert this Court is deprived of jurisdiction under the Rooker Feldman doctrine. (Docs. 4, 7). The Rooker-Feldman doctrine "holds that inferior federal courts do not have the power to modify or reverse state court

---

[8] Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." Rio Grande Royalty Co. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010) (citing Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss. Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010). Here, Tannehill does not seek to amend his complaint. However, because this Court abstains from hearing this action under the Younger abstention doctrine, as discussed below in Section F.2, an amendment would be futile.

judgments." <u>Union Planters Bank Nat. Ass'n v. Salih</u>, 369 F.3d 457, 462 (5th Cir. 2004) (citation omitted). District courts may not review state court decisions "even if those challenges allege that the state court's action was unconstitutional." <u>Feldman</u>, 460 U.S. at 486. The doctrine comprises four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." <u>Burciaga v. Deutsche Bank Nat'l Tr. Co.</u>, 871 F.3d 380, 384 (5th Cir. 2017) (citations omitted). The doctrine, however, applies only to "final judgment[s] rendered by a state's court of last resort." <u>Id.</u> at 385 (citation omitted). Here, there are no facts to suggest that there was a <u>final</u> judgment in the underlying state court action(s) that plaintiff is seeking to overturn. Thus, by its terms, <u>Rooker-Feldman</u> is inapplicable.

### 2. The Court should abstain from exercising federal subject matter jurisdiction under the Younger Abstention doctrine.

Elias and Mrs. Tannehill further assert this Court should abstain from exercising jurisdiction under the <u>Younger</u> abstention doctrine. (Docs. 4, 7). Under the <u>Younger</u> abstention doctrine, federal courts are prohibited from interfering in ongoing state court proceedings, absent extraordinary circumstances, as a matter of comity and federalism. <u>Younger</u>, 401 U.S. at 37. The <u>Younger</u> abstention doctrine is applicable to requests for declaratory or injunctive relief based upon constitutional challenges to ongoing state court proceedings. <u>Price v. Porter</u>, 351 Fed.App'x 925, 927 (5th Cir. 2009) (unpublished).

"Under the <u>Younger</u> abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Gates v. Strain</u>, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted). Once this test is satisfied, then the federal court is obliged to abstain, unless: "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was waived." <u>Texas Ass'n of Bus. v. Earle</u>, 388 F.3d 515, 519 (5th Cir. 2004) (citation omitted).

Here, Tannehill asks the Court to interfere in an ongoing state judicial proceeding. (Docs. 4-2, 17, 18). Elias submits in his declaration that the state proceedings are ongoing, have not been resolved, and have not been through the appellate process. (Docs. 4-2, 4-5, 4-6, 4-7).[9] Tannehill does not refute the declaration or the attached state court records. (Doc. 18). The state court proceedings concern child custody and child support, a subject matter in which the state has an important

---

[9] Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss. See <u>Davis v. Bayless</u>, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (citing <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)).

interest. See Machetta v. Moren, 4:16-CV-2377, 2017 WL 2805192, at *5 (S.D. Tex. Apr. 13, 2017), report and recommendation adopted, 4:16-CV-2377, 2017 WL 2805002 (S.D. Tex. June 28, 2017), aff'd, 726 Fed.Appx. 219 (5th Cir. 2018); see also Lexing v. Edwards, CV 17-1092, 2018 WL 2350650, at *9 (W.D. La. Apr. 30, 2018), report and recommendation adopted, CV 17-1092, 2018 WL 2347093 (W.D. La. May 23, 2018); Moore v. Sims, 442 U.S. 435 (1979) ("Family relations are a traditional area of state concern.").

Additionally, Tannehill has an adequate opportunity to raise his constitutional challenges to the state domestic proceedings in state court by asserting his federal claims through final decision by the Louisiana courts and seeking review in the United States Supreme Court. See Lexing, 2018 WL 2350650, at *10 (citing Duke v. State of Tex, 477 F.2d 244, 253 (5th Cir. 1973)). "Moreover, although [the] Younger abstention presupposes an adequate state court remedy, it only requires an *opportunity* to present the federal claim in state court." Id. (citing Ballard v. Wilson, 856 F.2d 1568, 1571 (5th Cir. 1988) (emphasis in original). Thus, the Court must refrain from exercising jurisdiction under the Younger abstention doctrine.[10]

### F.    Standards governing the Motion for Attorney's Fees.

Title 42 U.S.C. §1988(b) provides that "in any action to enforce . . . [42 U.S.C. §]1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b).

---

[10] Supreme Court "precedent makes clear that whether a court has subject matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996) (holding that an abstention-based remand is not a remand for "lack of subject matter jurisdiction").

"A prevailing defendant is entitled to fees only if the plaintiff's underlying claim is frivolous, unreasonable, or groundless." <u>Myers v. City of West Monroe</u>, 211 F.3d 289, 292 (5th Cir. 2000). In determining whether a suit is frivolous, a court considers factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial. <u>Id.</u>

### G.   <u>Elias's and Mrs. Tannehill's Motions for Attorney's Fees (Docs. 4, 7) should be denied.</u>

Elias and Mrs. Tannehill seek attorney's fees under 42 U.S.C. § 1988.  (Docs. 4, 7).  Tannehill cites the "American Rule" in his opposition.  (Docs. 17, 18).  Tannehill argues that attorney's fees are not recoverable under the "American Rule."  (Docs. 17, 18).

"Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'" <u>Fox v. Vice</u>, 563 U.S. 826, 832 (2011) (citing <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 247 (1975)). Generally, under the "American Rule," courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." <u>Key Tronic Corp. v. United States,</u> 511 U.S. 809, 819 (1994).  Congress has authorized the award of reasonable attorney's fees to the prevailing party in a § 1983 action. 42 U.S.C. § 1988(b).

However, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." <u>Merced v. Kasson</u>, 577 F.3d 578, 595 (5th Cir. 2009) (quoting <u>Hidden</u>

Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1053 (5th Cir. 1998)).  The Fox court reasoned:

> [A] defendant may deserve fees even if not all the plaintiff's claims were frivolous.... That remains true when the plaintiff's suit also includes non-frivolous claims. The defendant, of course, is not entitled to any fees arising from these non-frivolous charges. But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed.

Fox, 563 U.S. at 834 (internal citations omitted).

The Fifth Circuit has held that a defendant is the prevailing party for  purposes of § 1988 when it receives a dismissal with prejudice. Alexander v. Trump, 18-30616, 2018 WL 4945300, at *6 (5th Cir. Oct. 11, 2018) (citing Anthony v. Marion Cty. Gen. Hosp., 617 F.2d 1164, 1169-70 (5th Cir. 1980)).  "And '[a] suit is frivolous if it is so lacking in arguable merit as to be groundless or without foundation.'" Id. (citing Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th Cir. 1999) (quoting Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1140 (5th Cir. 1983)). The Court should, however, "resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Offord v. Parker, 456 Fed. App'x. 472, 474 (5th Cir. 2012) (quoting Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 421-22 (1978)).

When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial. Myers, 211 F.3d at 292.  However, these factors are "guideposts," and frivolousness must be judged on

21

a case-by-case basis. <u>Doe v. Silsbee Indep. Sch. Dist.</u>, 440 Fed.Appx. 421, 425 (5th Cir. 2011) (per curiam) (quoting <u>E.E.O.C. v. L.B. Foster Co.</u>, 123 F.3d 746, 751 (3rd Cir. 1997)).

Here, Tannehill has failed to state sufficient facts to raise plausible federal claims against Elias and Mrs. Tannehill. However, even if Tannehill could amend to plausibly assert § 1983 claims, the Court abstains under <u>Younger</u> from hearing this action. The Court should rarely impose attorney's fees against a pro se civil rights plaintiff. <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 15 (1980).

> Faithful adherence to the principles of <u>Haines v. Kerner</u> [404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)] dictates that attorney's fees should rarely be awarded against [pro se] plaintiffs. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. As the Court noted in <u>Christiansburg</u>, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.

<u>Id.</u> Given the Court's findings, and in light of Tannehill's pro se status and the complexities of the law regarding jurisdiction and abstention, this case does not warrant an award of attorney's fees and costs. Elias and Mrs. Tannehill's Motions for Attorney's Fees (Docs. 4, 7) should be denied.

### H.    "John and Jane Does 1-100" Defendants should be stricken.

Tannehill names as Defendants "John and Jane Does 1-100," but fails to make any allegations against these individuals. Accordingly, Defendants "John and Jane Does 1-100" cannot properly be considered Defendants and should be stricken from the docket sheet, to the extent they have not already been stricken, so that dismissal of all claims against Defendants results in dismissal of this action as a whole.

I.    <u>**The Court should decline to exercise supplemental jurisdiction over Tannehill's state law claims.**</u>

The only remaining claims are state law tort claims.  When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c); <u>see</u> <u>Priester v. Lowndes County</u>, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted).  Thus, because the undersigned recommends dismissal of Tannehill's claims arising under federal law, the undersigned also recommends the Court decline to exercise supplemental jurisdiction over Tannehill's remaining state law tort claims.

III.   <u>Conclusion</u>

For the foregoing reasons,

IT IS RECOMMENDED that the judges' Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss (Doc. 12) be GRANTED.

IT IS FURTHER RECOMMENDED that Tannehill's claims against the judges in their official capacity be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that Tannehill's claims against the judges in their individual capacity be DISMISSED WITHOUT PREJUDICE for failure to state a plausible claim for relief.

IT IS FURTHER RECOMMENDED that Elias's and Mrs. Tannehill's Rule 12(b)(1) and Rule 12(b)(6) Motions to Dismiss (Docs. 4, 7) be GRANTED.

IT IS FURTHER RECOMMENDED that Tannehill's claims against Elias and Mrs. Tannehill be DISMISSED WITHOUT PREJUDICE for failure to state a plausible claim for relief under 42 U.S.C. § 1983, and under the <u>Younger</u> abstention doctrine.

IT IS FURTHER RECOMMENDED that Elias's and Mrs. Tannehill's Motions for Attorney's Fees (Docs. 4, 7) be DENIED.

IT IS FURTHER RECOMMENDED that the Court decline to exercise supplemental jurisdiction over Tannehill's remaining state law tort claims under 28 U.S.C. § 1367(c), and that Tannehill's state law tort claims be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ.

P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _23rd_ day of January, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge